Corn, J.
Heard on demurrer to the indictment.
The defendant, Wash Coats, and another were indicted by the grand jury of this county at the September term, 1910, of this court under Section 13208 of the General Code of Ohio for “un *350 lawfully bartering and selling certain goods and wares and ice-cream and other goods and wares and receiving money therefor within and less than four miles, to-wit, less than one mile of a certain religious society, to-wit, Rock Camp Holiness Camp Meeting, organized and conducted by said society, •and said selling was done while said meeting was then and there in session.
The defendant, Wash Coats, interposed a demurrer to said indictment upon the grounds, first, that the facts stated therein do not constitute an offense against the laws of Ohio; second, that the facts stated therein do not constitute-an offense against any valid law of the state of Ohio.
Section 13208 provides as follows:
“Whoever sells, exposes for sale, gives or disposes of spirituous or other liquor, or articles of traffic, within four miles of the place where an assemblage of people is collected or collecting for religious worship, or for holding a harvest home festival, grand army, sons of veterans’ or union veterans’ union celebration or reunion, shall be fined not less than ten dollars nor more than one hundred dollars.”
Section 13209 provides certain exemptions and is as follows:
, ‘ ‘ The next preceding section does not extend to tavern keepers, distillers, manuafeturers, or others lawfully conducting their regular business at the usual place thereof, or to persons disposing of ordinary provisions, excepting spirituous liquors, at their residences, nor to persons having a permit from the trustees or managers of such assemblage, grand army, sons of veterans’ or union veterans’ union celebration or reunion for selling provisions to those attending such reunion in accordance with the regulations of such society or assemblage and the laws of the state.”
Upon the first ground of the demurrer it is contended that the indictment is insufficient because it does not negative any' of these exemptions, but the main contention is upon the uneonstitutionality of said Section 13208. The court finds it unnecessary to pass upon the first assignment of the demurrer, but bases the decision upon the second assignment.
The mere reading of the section under consideration, and applying the strict construction given to criminal statutes, ought to convince even the casual reader that this section can not be *351 maintained as a valid exercise of power by the Legislature. If strictly construed, as it must be, this section will substantially stop the avenues of trade and commerce within a circle having for its center the particular assemblage or celebration with its circumference four miles therefrom, or a circle having a diameter of eight miles; this of itself makes the section grossly unreasonable. Within this territory, while apparently absurd, a parent might not givq his little child a banana, an orange, an apple, or a stick of candy; a man, if he owned two farms, might not go upon the farm where he did not reside and sell a horse, a load of hay or a bushel of potatoes; a pack peddler or a book agent, although having obtained a license from the proper municipal or other authority could not, without violating the law, sell or expose for sale his articles.
As a further illustration of the unreasonableness, and I might say absurdity, of this section let us suppose that a camp meeting is being held at Beechwood Park in this city, a soldiers’ reunion at Memorial Hall, and a harvest home festival at Riverview Park; one could not give a glass of lemonade to a speaker at either place without having a three-cornered permit from all three of the assemblages. Instances • might be supplied indefinitely to show that this section has not the character of a constitutional enactment. Under our Constitution we are guaranteed the right of acquiring, possessing, enjoying and protecting property, and laws enacted as a check on individual rights of liberty and property as thus guaranteed must not be unreasonable, and they must be for the public at large and not for the benefit of a favored few or a partcular section of the public.
This section could only be upheld upon the theory that it is an exercise of the “police power” of the state. “Police power” has its origin and is confined to and deals with that class of legislation which has to do with the “public health, public welfare, public morals, and public safety.” Upon reason and authority the section under consideration can not be sustained for any of these purposes.
Mr. Justice Brown in Lawton v. Steele, 152 U. S., 133, says:
‘! To justify the state in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular *352 class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose and not unduly oppressive upon individuals. The Legislature may not, under the guise of protecting the public interest, arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations. ’ ’
This language is quoted with approval in the case of Borger v. State, 1 C.C.(N.S.), 549, and the more recent case, in our own circuit court, of Markley and Shriver v. State, 12 C.C.(N.S.), 81, 84.
Now measuring the provisions of the statute under consideration with the foregoing language, we find that the provisions thereof are unduly oppressive upon an individual, that they unreasonably restrain trade, they prevent the acquiring, possessing and enjoying property, they are not reasonably necessary for the preservation of the public welfare, public morals, public safety or public health; they create a monopoly in favor of private associations by which they are given the right to make money at the expense of the citizens within an eight-mile circle, and prevent the prosecution of a business that is lawful and not harmful, and thus deprive citizens of their liberty and their property without due process of law. This, we take it, is unquestionably an unwarranted application of the police power by the Legislature. I cite, without quoting, Tiedeman’s Limitations of Police Power, Sections 85, 102, 104 and 122c.
Besides, this question has practically been decided by our own circuit court, sitting in Brown county, in the case of Markley and Shriver v. the State, 12 C.C.(N.S.), 81, and the reasoning of Judge Walters in that case is so clear and so decisive that I adopt it, and apply it to this case. This latter case was carried to the Supreme Court on error but was dismissed for want of preparation.
I hold, therefore, that the section under which this indictment was returned is, for the foregoing reasons, invalid, and an unconstitutional exercise of power by the Legislature; and for the further reasons, as I have indicated, that it violates Section 1, Article I of our Bill of Rights, and Section 1, Article XIV of the Federal Constitution.
The demurrer, therefore, will be sustained and the defendant discharged.